NO. 07-01-0429-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 30, 2002



______________________________




BRUCE LEE WEFER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY CRIMINAL COURT AT LAW NO. 3 OF HARRIS COUNTY;



NO. 1034841; HONORABLE DONALD W. JACKSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pursuant to a plea of nolo contendere, appellant Bruce Lee Wefer was convicted
of the misdemeanor offense of driving while intoxicated and punishment was assessed at
180 days confinement, probated for one year, and a $300 fine. Both the clerk's record and
reporter's record have been filed. On February 21, 2002, this Court granted counsel's
motion to withdraw together with a motion for extension of time in which to file appellant's
brief to Monday, April 22, 2002. Appellant's brief was not filed nor was a further motion
for extension of time filed. By letter dated May 15, 2002, appellant was notified of the
defect and directed to explain by May 28, 2002, why the brief has not been filed. Appellant
did not respond.

 By his motion to withdraw, counsel indicated that appellant had not satisfied his
financial obligations pursuant to an attorney hiring agreement. Counsel also informed
appellant of his appellate deadlines. This Court has not been notified whether appellant
has retained new counsel or if he is proceeding pro se. Thus, we now abate the appeal
and remand the cause pursuant to Rule 38.1(b)(2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal; and

 2. whether appellant is indigent and entitled to appointed counsel;

 


The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal and is indigent, then the trial court shall also take
such measures as may be necessary to assure appellant effective assistance of counsel,
which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Monday, July 15, 2002.

 It is so ordered.


 Per Curiam



Do not publish.